# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
PATRICIA PARZIALE

                              Plaintiff,

        -against-

BJ'S WHOLESALE CLUB, INC.,

                            Defendants.
------------------------------------------------------------------X

Index No.:
Purchased:

Plaintiff designates
KINGS County
as the place of trial

**SUMMONS WITH NOTICE**

The basis of venue is
The location of occurrence
1752 Shore Parkway
Brooklyn, New York

To the above named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

      In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: November 28, 2020
       Staten Island, New York

                                      _____
                                      Timothy M. O'Donovan, Esq.
                                      **THE LAW OFFICE OF TIMOTHY M. O'DONOVAN**
                                      Attorneys for Plaintiff
                                      1860 Clove Road
                                      Staten Island, NY 10304
                                      (718) 980-7300

To:    BJ'S WHOLESALE CLUB, INC
         c/o CT Corporation System
         28 Liberty St.
         New York, New York 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
PATRICIA PARZIALE,

                Plaintiff,

-against-

BJ'S WHOLESALE CLUB, INC.,

-----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

    Plaintiff, PATRICIA PARZIALE, by her attorneys THE LAW OFFICE OF TIMOTHY M. O'DONOVAN, complaining of the Defendants, BJ'S WHOLESALE CLUB, INC., respectfully alleges, and states the following upon information and belief:

    1. That at the time of the commencement of this action, plaintiff, PATRICIA PARZIALE, was and still is a resident of the County of Kings, City and State of New York.

    2. That the cause of action alleged herein arose in the County of Kings, City and State of New York.

    3. That this action falls within one or more of the exceptions set forth in CPLR §1602.

    4. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    5. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC was and still is a foreign business corporation duly authorized to do business in the State of New York.

    6. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. maintained a principal place of business in the State of New York.

    7. That at all times hereinafter mentioned, defendant  BJ'S WHOLESALE CLUB, INC.

does business at 1752 Shore Parkway, in the County of Richmond, City and State of New York.

## AS TO THE FIRST CAUSE OF ACTION

8. The plaintiff repeats, reiterates and re-alleges each and every allegation previously contained in paragraphs of the complaint designated "1 through 7" with the same force and effect as though the same were set forth at length herein.

9. That on November 30, 2017, defendant BJ'S WHOLESALE CLUB, INC. owned the premises located at 1752 Shore Parkway, Brooklyn, New York, which included a multi level garage.

10. That on November 30, 2017, defendant BJ'S WHOLESALE CLUB, INC. was the owner of the property located at 1752 Shore Parkway, Brooklyn, New York, which included a multi level garage.

11. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. leased the aforesaid premise, which included a multi level garage.

12. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. operated the aforesaid premises, which included a multi level garage.

13. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. was responsible for the maintenance of the aforesaid premises, which included a multi level garage.

14. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. controlled the aforesaid premises, which included a multi level garage.

15. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. managed the aforesaid premises, which included a multi level garage.

16. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC.

inspected the aforesaid premises, which included a multi floor garage.

17. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. was responsible for work performed at the aforesaid premises, which included a multi floor garage.

18. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. was a public establishment and was operated as a store, which was open to the public.

19. That at all times hereinafter mentioned defendant BJ'S WHOLESALE CLUB, INC. operated a multi level garage where the public was able to park vehicles

20. That at all times hereinafter mentioned defendant BJ'S WHOLESALE CLUB, INC. operated a multi level garage where the public and/or employees or agents of the defendant were able to obtain and return shopping carts belonging to the defendant.

21. On or November 30, 2017, and at all times relevant herein, defendant BJ'S WHOLESALE CLUB, INC. were negligent and careless in that among other things, they failed to maintain the property, allowed the property to exist in a hazardous and unreasonably dangerous condition, more specifically defendants caused and/or permitted their interior first level of their parking garage upon the property to be in a dangerous condition in that it was poorly and/or dimly lit and had inadequate illumination and also contained carts improperly placed on the first level of said garage and thereby causing and creating the interior garage on the first level to be dangerous and hazardous and the defendant allowed other dangerous conditions to exist on the interior garage of the first level, and/or failed to remedy same despite actual and/or constructive notice of same and failed to warn of the existence of the aforesaid condition and otherwise failed to make the property safe; in that the defendant created the aforesaid dangerous, hazardous and trap-like condition; in that defendants failed to properly maintain

and/or clean the location where plaintiff fell; in that defendants failed to properly maintain proper lighting in the garage area, which resulted in an extreme tripping hazard; in that defendants failed to properly secure the location where plaintiff fell in failing to provide ways to warn plaintiff of the tripping hazard; in that defendants had actual and/or constructive notice of the aforesaid dangerous condition.

22. Plaintiff was both a customer of the defendant and an invitee upon the property.

23. Defendant BJ'S WHOLESALE CLUB, INC. further failed to warn of the aforementioned hazards.

24. That on November 30, 2017 while the plaintiff PATRICIA PARZIALE was lawfully upon the premises, she was caused to trip an, fall and sustain severe and permanent injuries, all as a result of the defendant's negligence.

25. That the defendants, their agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, possession, control, supervision, direction, maintenance and management of the aforesaid dangerous conditions of the property.

26. That the defendants, their agents, servants and/or employees were negligent, reckless and careless in the maintaining the lighting and the condition of the floor and placement of carts on the first floor of the garage at the premises.

27. That the defendants, their agents, servants, and/or employees were negligent and careless in in their ownership, operation, control, maintenance and management of the premises by knowingly causing, allowing and permitting the aforementioned premises to be and remain in a dangerous and defective condition as a result of their improper and inadequate maintenance; in creating the dangerous condition; in creating or causing a recurrent condition; in failing to place warning signs, cones, and/or barricades to warn/protect public and plaintiff, in particular, of a

hazardous condition; in failing to warn of a dangerous condition; in negligently and carelessly causing, permitting and allowing the premises to be and remain in said condition; in negligently and carelessly causing, permitting and allowing the premises to be and remain in said condition for an unreasonable length of time despite their knowledge of same in negligently and carelessly permitting the use of said premises by its invitees and/or licensees to create such a hazardous condition to exist; and in unreasonable and improperly not taking affirmative action to remedy the defective condition, thereby creating a danger to the plaintiff and others.

28. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of defendant, without any fault or negligence on the part of the plaintiff, PATRICIA PARZIALE, contributing thereto.

29. The above mentioned occurrence and the results thereof were caused by the negligence of the defendant, their agents, servants, employees, in the ownership, operation, management, maintenance and control of the aforesaid premises.

30. That by reason of the foregoing, plaintiff PATRICIA PARZIALE has been damaged in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

**WHEREFORE**, the plaintiffs demand: Judgment awarding damages on the first cause of action in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction together with interest from , and the cost and disbursements of this action.

Dated: Staten Island, New York
November 28, 2020

_____
Timothy M. O'Donovan
**THE LAW OFFICE OF TIMOTHY M. O'DONOVAN**
Attorneys for Plaintiff
1860 Clove Road
Staten Island, NY 10304
(718) 980-7300

## ATTORNEY VERIFICATION

Timothy M. O'Donovan, an attorney at law, affirms the following to be true under the penalties of perjury:

I am the attorney for the Plaintiff in the within action; I make this verification on behalf of the plaintiff because the plaintiff does not reside in the county where my office is located; deponent has read the foregoing Summons and Complaint and knows the contents thereof; the same is true to deponent's knowledge, except to the matters therein stated to be alleged on information and belief, and as to those matters, deponent believes them to be true.

Dated:  Staten Island, New York
        November 28, 2020

_____
Timothy M. O'Donovan, Esq.

Index No.  RJI No.  Hon.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

PATRICIA PARZIALE,

                Plaintiff,

-against-

BJ'S WHOLESALE CLUB, INC.

                Defendants.

## SUMMONS AND COMPLAINT

TIMOTHY M. O'DONOVAN
*Attorneys for Plaintiff, Patricia Parziale*
*Office and Post Office Address, Telephone*
1860 Clove Road
Staten Island, New York 10304
(718) 980-7300
(718) 816-1231 Fax

To

Signature (Rule 130-1.1-a)

Timothy M. O'Donovan
Law Office of Timothy M. O'Donovan

Service of a copy of the within  is hereby admitted,
Dated,
Attorney(s) for

Please take notice

    NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

    NOTICE OF SETTLEMENT
that an order  of which the within is a true copy will be presented for
settlement to the HON.  one of the judges
of the within named court, at
on  at  M
Dated,

                Yours, etc.
                TIMOTHY M. O'DONOVAN
                *Attorneys for plaintiff*
                *Office and Post Office Address*
                1860 Clove Road
                Staten Island, NY 10304